IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW MCGILL, individually,          CASE NO: 5:21-cv-00480-CEH-PRL

      Plaintiff,

vs.

TOWN OF HOWEY-IN-THE-HILLS and
MAYOR MARTHA MACFARLANE and
DAVID NEBEL, in their individual capacities,

      Defendants.
_____/

## PLAINTIFF'S ANSWERS TO DEFENDANT TOWN OF HOWEY-IN-THE-HILLS' FIRST INTERROGATORIES TO PLAINTIFF

Plaintiff, MATTHEW MCGILL, Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and by and through his undersigned counsel, propounds Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff.

### GENERAL OBJECTIONS

Plaintiff objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Plaintiff objects to each interrogatory to the extent it seeks information not within the possession, custody, or control of Plaintiff.

Plaintiff objects to each interrogatory to the extent it seeks to impose duties on Plaintiff beyond the scope of the Federal Rules of Civil Procedure or the local rules of this Court.

1


DEFENDANT'S
EXHIBIT
MCG11 6
4/4/23 MT
PENGAD 800-631-6989

Plaintiff objects to each interrogatory to the extent it seeks confidential, proprietary, or sensitive information.

Plaintiff objects generally to Plaintiff's Interrogatories, to the extent that they are vague, ambiguous, overly broad, or seek to impose on Plaintiff an unduly burdensome search for and disclosure of information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of information or evidence admissible at trial.

Plaintiff objects to these interrogatories as they are not reasonably related to this case.

Plaintiff reserves the right to supplement, amend, and correct the answers set forth below. Plaintiff's investigation is ongoing, and the information contained in these answers is preliminary.

Plaintiff hereby incorporates by reference these general objections into each specific answer.

Plaintiff has not yet completed the investigation of the applicable facts and has not yet completed discovery in this action. Plaintiff's answers herein are without prejudice to Plaintiff's rights to produce any additional facts.

## ANSWERS TO DEFENDANT TOWN OF HOWEY-IN-THE-HILLS' FIRST INTERROGATORIES TO PLAINTIFF

1.  What is the name and address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

ANSWER: Matthew Tracy McGill

2

2.  List your current full name, all former names and the dates during which you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your social security number, your date of birth, and if you have ever been married, the name of your spouse or spouses.

ANSWER:

Matthew Tracy McGill,                                    , Married, wife Jodi McGill
                                      (11/2020-present)

1                                                    (5/2019-11/2020)

                                                    (10/2017-5/2019)

                                            (l 1/2016-10/2017)

                                        (9/2014-11/2016)

                                            (1/2013 -9/2014) 1

                                    ( 10/2012-1/2013)

3.  List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

ANSWER:

Urban Brick, LLC: 112 N Woodland Blvd, Deland, FL 32720 ( 11/2021-12/2021) $15/hr

NASCAR: 1 Daytona Blvd, Daytona Beach, FL 32114 ( 12/2017-6/2020) $20/hr

Race Ready RV Rentals: 4363 Hardin-Wapak Rd, Sidney, OH 45365(7/2017-11/2017)$1962/mo

Acting/Modeling: address depends on company who hires Plaintiff and rate varies (3/2012-Present) pay was not consistent and sometimes Plaintiff didn't work at all

Clinton Twp Police Department: Hwy 31N, Annandale, NJ 08801 ( 1/2012-4/2015) $59/hr

3

4. List the names and business addresses of each medical professional, including but not limited to psychiatrists, psychologists, mental health counselors or family/group counselors, who have treated or examined you and each facility where you have received such treatment or examination for the injuries for which you seek damages in this case, whether physical or emotional; and state as to each, the date of treatment or examination and the injury or condition for which you were examined or treated.

ANSWER: Dr. Gary Winfrey, Clermont Medical, 1135 Lake Ave. Clermont, FL 34711,CT Heart WO Cale Screen, South Lake Hospital on 6/11/2019. Heart Condition & Stress.

5. List the names and business addresses of all other medical professionals, medical facilities or other health care providers by whom or at which you have been examined or treated in the past seven (7) years; and state as to each, the dates of examination or treatment and the condition or injury for which you were examined or treated.

ANSWER:

Dr. Flynn, 1131 S Orange Ave, Orlando, FL 32806 (05/2017-10/28/2017) Neck pain/surgery

James Hether, 2719 S Woodland Blvd, Deland, FL 32720 (09/01/2021- present) Back pain

Dr. Kenneth Felt, 1920 Don Wickham Dr. Ste 105, Clermont, Fl 34711(05/2017) Neck and back pain

6. Please state whether any medical professional has prescribed medications to you in the last 10 years for any mental or emotional disorder or condition, including but not limited to behavior, emotional, sleep disorder or cognitive disorders or stress. If so, identify each disorder with which you have been diagnosed, the medical professional who made the diagnosis and medications that were prescribed to treat the symptoms of the disorder or condition.

ANSWER: Stress: Dr. Gary Winfrey, Pravastatin, Koncentrated K, Ascorsine 9.

7. Please state whether you have ever declared bankruptcy and, if so, the court in which the action was filed.

ANSWER: No.

4

8. List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

ANSWER:

- Jodi McGill

- John Scott

- Shelly Scott

- Paula Claunch

- Dairian Burke

- Rebecca Eller    (
- Maini Drabik    (

- Amanda Gallagher

- Melissa Tschuschke

- Penny Cox

- Piotr "Peter" Swieboda

- Heather Ramos
- Christine Cloud
- Ron Frank Von Frankenstein(

- Bernie Alimenti

- Tracey Alimenti

- Bob Passera
- Lou Howell
- Marcus Flamingo
- Veronica Flamingo
- Walter Schuab
- Jitnmy Hobby

5

- Town Council members and the mayor for Howey in the Hills 2018 - present.
- Every person(s) who attended a town council meeting in Howey in the Hills from 2/2018-present
- Every person(s) who attended any Special Session Council meeting in Howey in the Hills 2/2018-present
- Evely person(s) who Plaintiff spoke to from 2018-present
- Every person(s) who spoke to any of the defendants from 2018-present
- Every person(s) who had a campaign and/or recall McGill sign on their property
- Every person(s) who voted in the November 2018 election
- Every person(s) who voted in the August 2020 Special Election
- Every person(s) who was a member and/or who read the Facebook page 'Howey Unedited'
- Every personnel employee for the Town of Howey in the Hills 2/2018-present
- Every person(s) who saw and/or questioned the Recall McGill signs
- Every person(s) who has or will EVER research Plaintiff's name via internet, Matthew McGill
- Every person(s) who heard gossip and rumors from any resident in the area
- Every person(s) who read Lauren Ritchie's Opinion article in the Orlando Sentinel
- Every person(s) who saw the Channel 13 news broadcast

9. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of the person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is overly burdensome, and likely impossible, for Plaintiff to provide a complete answer. Given the contentious environment fostered by Town during the relevant time periods, Plaintiff cannot possibly recall every time a party, or someone on behalf of a party, made a statement or remark concerning an issue in this lawsuit. Notwithstanding the foregoing, Plaintiff refers Defendant to the Town Council meeting audio recordings and e-mails between the parties provided in Plaintiff's responses to Defendants' Requests to Produce. Regarding the audio recordings, Plaintiff specifically refers Defendant to his response to Interrogatory number 16 below, but cannot represent at this time that additional information responsive to this Interrogatory may not be discovered by either Plaintiff or Defendant(s) at a later time and Plaintiff reserves his right to amend or supplement his answers to these Interrogatories in the event of such a discovery by Plaintiff.

6

10. State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, maps, drawing, motion picture, video recording, voice recording, or photograph pertaining to any fact or issue involved in this controversy, and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

ANSWER: Plaintiff is unaware of any person who is possession of any of the items described in this Interrogatory. Plaintiff is aware that some or all Town Council meetings were recorded and publicly released on television and/or YouTube, but he was not privy to the information regarding who took, maintained, or possessed these videos.

11. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

ANSWER: McGill Respondent, Civil action. McGill's neighbor who falsified a Polk County Court Document by lying and claiming Plaintiff was stalking her *(filed a false court document to obtained a temp injunction)*. Case #2017DR- 001813. April 21, 2017, Judge Reinaldo J. Ojeda ruled that Erlin Peralta's claim was insufficient and stated that the temp injunction should have never been authorized or signed. Petition for injunction was denied.

McGill Plaintiff. Civil suit against Erlin Peratla, 2017 SC 002498. The judge awarded in Plaintiff's favor and she had to pay Plaintiff for damages. Polk County.
- McGill Defendant in a civil suit while employed with the Township of Clinton Police Department. Multiple officer's named in suit, as well as the Township, filed by a former employee. Within months of filing, the Judge ruled in favor of removing Plaintiff and other police officers from this case.

12. Describe each injury for which you are claiming damages in this case, whether physical or mental, specifying the nature of injury, and as to any injuries you contend are permanent, the effects on you that you claim are permanent.

ANSWER:

<u>Matthew McGill's Health.</u> The drastic health decline with Matthew McGill is documented with medical records. The records clearly show Matthew McGill's health condition prior to coming to Howey in the Hills, then up to and after being forced to move out of the town. First example is with Matthew McGill's drastic weight gain and depression. Prior, Matthew McGill's average weight was anywhere between 175lbs to 185lbs, with actively exercising. When the attacks started against McGill *(Slandering,*

*Harassment, Targeting, Acts of threats of bodily harm, both Mayor turning residents on McGill, etc.),* depression started, active exercising ceased, stress levels went to levels never seen and weight gain started. The average weight went to 205lbs to 212lbs. Matthew McGill's personal physician made notice and showed great conce1n, asking about what has changed in Plaintiff's life and what new stress was present. Second example is Matthew McGill's heart condition. Prior to Howey in the Hills, Matthew McGill had a Calcium Cardio Score preformed. The result of the test was outstanding, with a score of zero (0), indicting no blockage in any of the main arteries. Doctor indicated that McGill's score was remarkable for a 44 / 45-year-old male.

Then, well into Howey in the Hills, approximately five (5) years later, another Calcium Cardio Score was order by McGill's doctor due to great concerns. This second test returned with unfavorable and concerning results. Within only five (5) years, McGill's score jumped up to a 44, with most of the blockage in the arteries focused in the "widow maker" area.

This news was devastating, especially for a person who has been in great health his entire life. The doctor had great concern with this, recommended special medication to slow down, stop or hopefully help remove that blockage. Medication recommended not covered under health insurance, costing $100 for one, $45 for the other, good for only a month.

Plaintiff also suffered from emotional distress as a result of his wife, Jodi McGill, suffering from severe stress-related health and psychological conditions including, severe weight loss down to 110 pounds from Mrs. McGill's normal weight of 140 pounds which complicated her recovery from breast cancer, including causing her breast reconstruction to fail. The skin in her 'breast' area was so thin that the implant ultimately pushed its way out. It started as a large blister. When the blister burst the implant was exposed. Plaintiff watched his wife suffer for over 6 months with pain, swelling, and many failed scabbing attempts while the surgeon attempted to try and help heal the hole with medicine and special bandages. As a result, Mrs. McGill had to have several additional surgeries and hospital stays. This entire ordeal lasted over 14 months and left her with permanent physical limitations and large scars on her back, side, and breast area. This was all caused by the Town of Howey in the Hill, targeting, harassing, and slandering the McGill family, causing Mrs. McGill's unhealthy weight loss, stress, and depression.

13. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of your allegations in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

ANSWER: Including but not limited to the following:

Emotional distress both from direct actions by Defendants, including Town, and the fostering of a hostile environment by Town. Additional emotional distress from seeing the effects of the hostile environment on Mrs. McGill. Approximately $50,000 calculated in loss of house sale after being pushed out of town, a house Plaintiff planned on being in forever. It was a block from the lake and an old house that Plaintiff and his wife had always dreamed of living in.

Additionally, Plaintiff lost his budding political career, which he had hoped to grow beyond Town.

14. Provide the username and web address for every social media account that is maintained or operated by you or to which you have access and/or to which you have had access since the date of the incidents alleged in the complaint, including, but not limited to Facebook, Instagram, MySpace, YouTube, MyLife, Linkedin, Pinterest, Twitter, Tumblr and Google.

ANSWER: Facebook (not active as of December 2020), Matthew McGill Linkedin (Active), Matt McGill Instagram (Active), Myspace (Not active for many years). Twitter (Unknown username, not using, unknown if active).

15. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

ANSWER: No.

16. Do you allege that the TOWN prevented you from engaging in free expression? If "Yes," please list each and every time you believe you were prevented from engaging from free expression and for each incident, please provide: the date the alleged incident occurred; the physical location where the incident occurred; the content of the expression you were prevented from engaging in; and the person(s) who prevented you from engaging in the underlying expression.

ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is overly burdensome, and likely impossible, for Plaintiff to provide a complete answer. Given the contentious environment fostered by Town during the relevant time periods, Plaintiff cannot possibly recall "each and every time" he was prevented from engaging from free expression, and the details of same as requested in this Interrogatory. Notwithstanding the foregoing objection, to the best of Plaintiff's recollection at this time, Plaintiff alleges Town prevented him from engaging in free expression as

9

described below. Plaintiff reserves the right to amend or supplement his answers to these Interrogatories in the event Plaintiff discovers or recalls additional information responsive to this Interrogatory. Additionally, Plaintiff refers Defendant to the audio files and email evidence provided by Plaintiff in his responses to Defendant's Request to Produce.

## TOWN COUNCIL MEETINGS

### December 10, 2018

1. 2hr, 1min +, Plaintiff points out how Nebel left off his Building Inspectors off the agenda. Council can't vote without it being on the agenda.

### January 14, 2019

1. Plaintiff Received an email from Darian Burke, from Nebel on 12/14/2018, rejecting and refusing to put his agenda items on the Town agenda.
2. 6m:07sec Nebel said to McGill "I'm going to shut this meeting down because you are becoming a pain in the ass".
3. 6m:35sec Nebel states to McGill, "I'm cutting you off because people are tired of hearing from you" Then Nebel said "we will all sit here while you run your mouth".
4. Nebel refused to put Plaintiff's business items on the Town Agenda. Plaintiff had 12 items, only 2 were listed.

### January 28, 2019 Council Meeting

1. Nebel again refused to put Plaintiff's items on the Town agenda.
2. For the 3rd time Nebel left off Plaintiff's business item all "Building Services". This was an item that needed to be voted on.
3. During this meeting, Nebel shows his incompetence. Nebel often confused on how to run the meeting – wrong with procedures, etc.

### February 4, 2019 Special Session with Nebel

1. Nebel refused to put Plaintiff's agenda items on the agenda.

### February 11, 2019

1. Mayor Nebel would not list business items that Plaintiff requested to be put on the Town agenda.

**February 25, 2019**

1.    Mayor Nebel would not list business items that Plaintiff requested to be put on the Town agenda.

**March 25, 2019**

1. 18:30 Nebel said to Plaintiff "Be quiet. This Town has been functioning very well without you."
2. Nebel allowed verbal abuse from audience.
3. 48:15 Plaintiff Asked Mayor Nebel why he cancelled his scheduled special session last minute and his response was, "Because Plaintiff can".
4. Mayor Nebel would not list business items that Plaintiff requested to be put on the Town agenda.

**April 4, 2019 Special Session Meeting**

1. 1:07 MacFarlane admits that she left off Plaintiff's agenda items for this meeting.

**April 8, 2019 Town Council Meeting**

1. Mayor Nebel would not list business items that Plaintiff requested to be put on the Town agenda.

**April 22, 2019 Town Council Meeting**

1.  Mayor Nebel did not list business items Plaintiff requested to be put on the Town agenda.

**May 7, 2019 Special Session with MacFarlane running the meeting**

1. It was Plaintiff's Special Session and they still would not put his agenda items on agenda.
2. 11:00 MacFarlane allowed audience to interrupt the meeting.
3. 25:30 Councilman Conroy continued interrupting, laughing and mocking Plaintiff.
4. 29:20 MacFarlane allowed audience to interrupt and heckle Plaintiff.
5. 32:40 Plaintiff asked to read all the offenses against the chief and Nebel. MacFarlane continued to say that was not a good idea.
6. 36:00 MacFarlane again said Plaintiff couldn't read the offenses.

**May 13, 2019 Town Council Meeting**

11

1. Mayor Nebel refused to list Plaintiff's Town business items on the Town agenda.
2. Audio from the meeting will shows Plaintiff was interrupted numerous times and therefore not allowed to fully express himself.

**June 10, 2019 Council Meeting**

1. Mayor Nebel again refused to list many of Plaintiff's Town business items on the meeting again. This kept members of the public from knowing prior to the meeting what business Plaintiff would be discussing

**June 14, 2019 Council Meeting**

1. Mayor Nebel refused to list many of Plaintiff's Town business items on the Town agenda.

**August 28, 2019 Special Session Meeting with John Scott.**

1. Plaintiff and Councilman Scott made offer to MacFarlane to join the meeting – Denied twice.
2. The consistent interruptions from MacFarlane. (**a. 14:50 min to 19:00 min**: first interruption, telling them how to run "their meeting." They offered to have her join them to she insisted several times to remain as an audience member. MacFarlane telling them that they can talk towards the group or make them part of the conversation. Telling plaintiff who he can and can't talk about. **b. 20:15 to 24:32**: MacFarlane again interrupted their meeting, telling them what they can and cannot do. **27:50 to 29:40 min**:  MacFarlane interrupted the meeting again commenting on the LCSO. **31:35 min:** MacFarlane interrupted their meeting again. They asked her again if she wanted to join or be directly part of their meeting (out of respect), she responded "NO" – still talking from the audience**. 47:33 min**: MacFarlane interrupts meeting again, telling McGill and Scott how to run the meeting and to not respond to the crowd/audience. **56:42 min:**  MacFarlane interrupts the meeting again, telling them how to run the meeting, and what they can and cannot say.  MacFarlane interrupted Scott and McGill's meeting on 7 separate occasions - telling them how to run the meeting, telling McGill that he could not talk directly to or engage audience, telling them both that they could not respond to audience.

**September 11, 2019 Town Council Meeting**

1. Audio reveals that Plaintiff's business items were not listed and that he was consistently interrupted by Mayor MacFarlane
2. Week prior, MacFarlane knew that there were problems with the budget and ignored Plaintiff's requests to meeting and address.

## September 23, 2019 Town Council meeting.

1. Again, MacFarlane refused to list all Plaintiff's business items on the Town agenda, but MacFarlane had her items on the agenda.
2. 40min, 10 sec, under councilman comments, Plaintiff had the floor and when he tried to bring up the slandering, harassing letter that was passed around to the Venezia residents, attacking McGill and others, MacFarlane immediately interrupted and wouldn't allow Plaintiff to speak. Plaintiff stated several times that she had no right to do that, but MacFarlane persisted and denied Plaintiff his right to speak. MacFarlane stated that they were sticking with the agenda items, but MacFarlane and Nebel refused to list Plaintiff's business items.
3. 43m 10sec, Nebel and MacFarlane refusing or cancelling Plaintiff's Special Session meetings.
4. 1hr. 29min +, MacFarlane allows Conroy to interact with audience, but on numerous occasions, MacFarlane has stopped for forbidding McGill to do the same. MacFarlane commits this act often (*act of interacting and stopping McGill*). The example just before this meeting was with the meeting on August 28, 2019.

## October 14, 2019 Town Council meeting

1. 20min, +, MacFarlane confirms during explanation of "Order of Business", items must be about Town business. This again shows how Nebel and MacFarlane violated Plaintiff's rights by continuously leaving off the Town agenda Plaintiff's Town business items so residents, citizens, and other council members to not see what Plaintiff wants to discuss and possibly vote on.
2. 42min, 20sec +, MacFarlane stopped Plaintiff from speaking and making Plaintiff's points about Building Services, Ron Frank Von Frankenstein. Complaints from builders in Town. She continued to interrupt Plaintiff when Plaintiff had information to report.
3. 44m, 18sec +, MacFarlane interrupted Plaintiff's comments again about building Services and complaints. She stated that she was tabling Plaintiff's comments. Plaintiff was going over recent complaints about Building Services, along with his abuse emails to an elected official (To McGill).
4. MacFarlane lists hers and Councilman Conroy's business Items on the agenda, but again, left all Plaintiff's items off the agenda.

13

5. 1hr, 12min +, Plaintiff started Plaintiff's councilman comments/reports and with Plaintiff's very first item about a slanderous, harassing letter, MacFarlane immediately interrupted Plaintiff and said that Plaintiff was not allowed to talk about that topic. She stated that it wasn't on the agenda (which she refused to list). Actually, she rejected nine (9) of Plaintiff's Town business agenda items for this meeting. Plaintiff told MacFarlane that she did not have the right to censor Plaintiff's speech, Plaintiff have the First Amendment right to free speech.

6. 1hr, 15m+, MacFarlane interrupted Plaintiff again, said Plaintiff could speak anymore and then said that Plaintiff was out of order (which was false as Plaintiff was civil). Plaintiff put on the record at that time that Mayor MacFarlane was not allowing Plaintiff to speak about Town business and that she was violating Plaintiff's rights to free speech

7. 1hr, 16min+, MacFarlane states that they are doing nothing about the extra money that was taken out of the police pension and unethically and illegally given to a former police officer $1,368. But then states that at the next pension board meeting she will tell them to never do that again, admitting that the act was wrong!

8. 1hr, 17m +, MacFarlane continues to interrupt Plaintiff during Plaintiff's councilman comments, talking about Plaintiff's agenda items that she would not list.

9. 1hr, 18min + MacFarlane continued to violate Plaintiff's rights by continually interrupting Plaintiff's Town business, Plaintiff's time to speak and again she calls Plaintiff out of order (when Plaintiff was not). MacFarlane became louder and would not allow Plaintiff to speak. She then stated that Plaintiff could not look out at the audience.

10. 1hr, 21min +, MacFarlane stopped Plaintiff again from speaking during Plaintiff's time in Councilman Comments/Business/Reports. She would not allow Plaintiff to talk about Town business.

11. At 1hr, 21: 48, MacFarlane confirmed that she was violating Plaintiff's rights.

12. 1hr, 23 min +, MacFarlane interrupted Plaintiff again during councilman comments stating that the "Town Audit Report" was not Town business and would not allow Plaintiff to speak about it.

13. 1hr, 24min, 30sec, MacFarlane interrupted Plaintiff again during Plaintiff's councilman comments/business/reports, stating that Plaintiff was not allowed to talk about the Lake County Sheriff's Department Study and unethical interference. She said that she didn't put it on the agenda because it was a full agenda.

14. 1hr, 26min, 15 sec, MacFarlane ordered Plaintiff to direct all Plaintiff's comments towards her and to not look anywhere else.

15. 1hr, 26 min 48sec, MacFarlane told Plaintiff to keep it professional, when Plaintiff was and have always. Plaintiff told her that Plaintiff was keeping it professional (as the audio recording proves) and said that she was the one consistently interrupting Plaintiff during Plaintiff's time.

16. 1hr, 29min, 20 sec, MacFarlane again interrupted Plaintiff during Plaintiff's councilman comments /business / reports, asking Plaintiff if there was a point to Plaintiff's Venezia comments. Again, at 1hr, 30min 28sec, MacFarlane interrupted Plaintiff again.

17. 1hr, 31min, 18sec, MacFarlane admits to stopping Plaintiff from speaking, again.

18. 1hr, 32min 50sec, MacFarlane interrupts and stops Plaintiff again during Plaintiff's councilman comments / business / reports. She outright admits that she will not allow Plaintiff to speak about Town business of the police department harassing residents in Venezia.

19. At one point Plaintiff started to say, "my next item", then MacFarlane immediately interrupted Plaintiff and said, "that's not Town business". She said this without Plaintiff even stating what the business was.

20. 1hr, 44min +, MacFarlane starts to address the audience during her council members comments, which just minutes prior, she reprimanded Plaintiff for doing.

21. 1hr, 57 min+, MacFarlane and Conroy engage in conversation with a resident during public comments. MacFarlane in past meetings, and in future meetings told Plaintiff that Plaintiff was not allowed to do this.

22. Public Comment, resident Gary Fisk. MacFarlane engaged in conversation with this resident, again, going against what she told Plaintiff what Plaintiff was allowed to do. MacFarlane also allowed Councilman Conroy to engage in conversation at length with Mr. Fisk. And then again with MacFarlane.

## Oct 28, 2019 Town Council Meeting

1. MacFarlane refused to list Plaintiff's business items on the Town agenda for this meeting. Plaintiff had approximately 26 items that were all Town business and some were time sensitive.

2. Attorney Confirms that MacFarlane can NOT stop another council member from speaking. Attorney writes, "*from the case law, we conclude that the Mayor cannot stop a member of Town Council from speaking because the Mayor disagrees with a Councilor's viewpoint*". MacFarlane ignored this.

15

3. During Plaintiff's Councilor Reports/Business/Comments, Council Nebel interrupted the meeting, stood up, made inappropriate comments and used offensive language towards Plaintiff and left the meeting without being excused. MacFarlane said and did nothing.

## November 19, 2019 Town Council meeting

1. Public Comment under water issue. Peter Tuite, 15 min +, MacFarlane engaged in conversation with resident. Again, MacFarlane has forbidden McGill to do the same action.
2. 34min, 50sec +, Plaintiff told MacFarlane that her Attorney Fee chart was inaccurate and false. When Plaintiff started presenting the facts that showed MacFarlane was not being honest, she immediately interrupted Plaintiff and stopped Plaintiff from speaking.
3. Public Comment: Marcus from 229 Messina. States that his neighbors and friends are afraid to come to the Town council meetings. These same people go to McGill and ask him to address their topics and concerns at the council meeting and MacFarlane will not allow McGill to speak or post Town issues on the Town agenda.
4. Councilor Reports/Comments/Business. MacFarlane refused to list Plaintiff's business items on the agenda.
5. Councilor Reports/Business/Comments MacFarlane interrupted Plaintiff's numerous times when Plaintiff brought up the Lake County Sheriff's Office (LCSO) police department audit. When Plaintiff was bringing up facts in the report, MacFarlane stopped Plaintiff and did not want Plaintiff talking about it.
6. Councilor Reports/Business/Comments, When Plaintiff started to bring up the inappropriate conduct by Planning and Zoning member Tina St. Clare, MacFarlane immediately interrupted him.

## December 9, 2019 Town Council Meeting

1. 2min +, Plaintiff brought up MacFarlane's and Miles' Attorney Fee's Chart that was used to defame and slander Plaintiff's reputation, as well as turn the Town residents against him. Plaintiff then provided all council members and citizens in the audience with the proper, factual attorney fees chart with real numbers. Plaintiff also gave strong examples with factual numbers where she lied about Nebel's numbers; MacFarlane fraudulent chart indicted zero (0), when it was actually 24 MacFarlane continued to interrupt Plaintiff, stopped Plaintiff again at 3min, 45sec.

16

2. Mayor MacFarlane refused again to put Plaintiff's business items on the Town agenda, but she stated that she put her business items on the agenda. 6min +

3. 1hr, 12min +, MacFarlane stopped Plaintiff from speaking and told Plaintiff to just state the facts (*which Plaintiff was, but she can't stop Plaintiff even if Plaintiff was giving Plaintiff opinion, as everyone frequently does*).

4. At 1hr, 15min, 45sec, MacFarlane ordered Plaintiff to stop talking about Town's violations of policies, rules, and laws. Plaintiff was not finished with Plaintiff's business and she denied Plaintiff to proceed further.

### January 13, 2020 Town Council Meeting

1. Mayor MacFarlane refused to post Plaintiff's items on the official Town council agenda so that residents and other council member could not see Plaintiff's Town business.

### January 27, 2020, Town Council Meeting

Mayor MacFarlane refused to post Plaintiff's items on the official Town council agenda so that residents and other council member could not see Plaintiff's Town business.

### February 10, 2020 Town Council Meeting

1. When Plaintiff spoke, MacFarlane's friends and supporters in the audience started to heckle, laugh, and make inappropriate comments towards Plaintiff. When Plaintiff asked MacFarlane to address the disorderly conduct and abusive behavior by her supporters, she refused to take action.

2. MacFarlane refused to put Plaintiff's business items on the Town agenda.

### March 9, 2020 Town Council Meeting. Lake County Building

1. Mayor Martha MacFarlane set aside a separate table in the corner of the meeting room for Plaintiff to sit at. On her own, Mayor MacFarlane concluded without probable cause, without any medical records or without any professional medical opinions that Plaintiff was diagnosed with some sort of illness, virus, or disease. She further concluded that Plaintiff's medical condition was classified as being contagious and harmful to others who came in close proximity to him. From the start of the meeting to the end, Plaintiff did not exhibit one sign of being sick, no coughing, sneezing. However, during the meeting, there were several people in the audience that were coughing and sneezing, exhibiting signs of being sick and not once did Mayor MacFarlane say anything to anyone else.

2. MacFarlane refused to list Plaintiff's business items on the Town Agenda. Plaintiff had 15 items that were emailed to Burke and MacFarlane on 3/3/20 at 10:26am.
3. 4m 40 sec, MacFarlane stopped Plaintiff from talking, refused to allow Plaintiff to continue his councilman comments.

## April 27, 2020 Town Council Meeting VIA Zoom

1. MacFarlane will not sign Plaintiff on , then she refused to unmute him.
2. 2m+, MacFarlane admits to all that she has the power to mute and unmute everyone, including all council members.
3. 3m 20sec +During roll call, Burke calls Plaintiff's name, and you can hear that Plaintiff does not answer. MacFarlane has Plaintiff muted. MacFarlane completely ignores that fact that Plaintiff did not answer the roll call.
4. 4m +, Item #1 on the agenda, MacFarlane and all discuss item, and Plaintiff is still muted, unable to talk. They call for roll call vote. Everyone's name was called except Plaintiff's name. Plaintiff is still muted, unable to speak. Burke even announces the vote being 3-1 which shows that they knew Plaintiff couldn't speak because MacFarlane had Plaintiff muted.
5. MacFarlane again refused to put Plaintiff's items on the agenda. Email was sent to Town Clerk.
6. 12m, 08sec, MacFarlane finally unmutes Plaintiff, that's when Plaintiff stated to all that Plaintiff was signed on but couldn't talk.
7. Proof of MacFarlane muting him. Pictures of ZOOM screen show several times MacFarlane muting him. Not allowing Plaintiff to speak
8. 29min +, MacFarlane completely skipped over Councilor Comments/Business/Reports.

## May 11, 2020 Town Council Meeting. Zoom meeting

1. Mayor muted Plaintiff several times. MacFarlane did not allow Plaintiff to talk during the Dairian Burke Vote and during Councilman Comments, both times Plaintiff legally had the floor and did not yield.
2. 1hr, 25 min, Plaintiff asked permission to speak and was ignored.
3. 1hr, 29min +, Plaintiff point out that she allowed Conroy's items on the agenda and again refused to list Plaintiff's.
4. 1hr, 31min +, interrupted Plaintiff and said that Plaintiff can't talk about certain things when Plaintiff was defending Burke and giving factual history.

18

5. 1hr 33min +, MacFarlane interrupted him. When Plaintiff tried to talk, and MacFarlane continued to speak over him. Again, Plaintiff's comments and Plaintiff had the floor.

6. 1hr, 35 min +, MacFarlane stopped Plaintiff from speaking when giving examples about Burke helping out Nebel.

7. 1hr 43 minutes, MacFarlane stops Plaintiff from speaking and advised that Plaintiff have said enough. Plaintiff had the floor and was defending the wrongful termination of the Town clerk.

8. 1hr. 47 25sec, Plaintiff asked MacFarlane to confirm that she is violating Plaintiff's rights. Yes, she stopped and went to public comment. Plaintiff then found out that she muted him.

9. 1hr, 50+, MacFarlane muted Plaintiff

10. Again, MacFarlane would not list the termination on the agenda so that the Town Clerk couldn't have her supporters and friends there to defend her, but it's apparent by MacFarlane's friends and supporters in the audience that they were notified.

11. 1hr, 52 minutes, Plaintiff was still muted and the audience was out of control. People were just yelling out, making inappropriate comments without leaving their names and address.

12. 1hr, 54 min, MacFarlane still has Plaintiff muted.

13. 1hr 58 min MacFarlane just allowing her supporters to speak about the termination of Burke. Plaintiff is still muted, Burke is muted.

14. 2hr, 2min, MacFarlane finally unmuted Plaintiff

15. 2hr, 2min +, MacFarlane attempted to close public comment. Plaintiff advised her that residents have been texting Plaintiff stating that MacFarlane would NOT unmute and allow them to speak (*again, she unmuted her supporters*).

16. 2hr, 3min MacFarlane interrupts and stops a female resident that was supporting Dairian. The resident didn't even speak for 45 sec.

17. 2hrs, 3min 35sec, Female resident speaking and confirmed that she has been muted for 90% of the meeting.

18. 2hr 5min 40sec+ Plaintiff told MacFarlane that Plaintiff still had not finished Plaintiff's Councilor Comments on this topic and still have another page to discuss. She confirmed that she would not allow Plaintiff to continue Councilman Comments. MacFarlane closed Public comments and when Plaintiff asked to continue, she reopened Public Comments and allowed her friends to speak. Basically, she unmuted the public to interfere with/interrupt Plaintiff).

19. 2hr 8min 30sec+, Plaintiff asked MacFarlane again to confirm that she would not allowing Plaintiff to finish Plaintiff's councilman comments. She said that Plaintiff talked long enough.

20. 2hr, 22min +, MacFarlane completely ignoring Plaintiff. Plaintiff continued to call her cell phone to tell her to unmute him and she would not answer. She would not allow Plaintiff to make councilor comments on the Code Enforcement report. Plaintiff tried to ask her for over a minute.

21. 2hrs, 23 45sec, MacFarlane unmuted her friend during Plaintiff's councilman comment and that person stated, "the guy's a fucking asshole". MacFarlane said nothing to her friend about their disorder conduct and abusive language towards an elected official.

22. 2hrs 24min Conroy told MacFarlane that he yielded his time to Plaintiff (*Councilman Business Reports Comments*).

23. 2hrs, 24+, before Plaintiff could speak, MacFarlane made a comment that the meeting is going on 3 hours long (*only on 2hr 24min*) and is limiting Plaintiff's time.

24. When MacFarlane couldn't answer Plaintiff's question about the pay of police officer George Brown, she unmuted her supporters to interrupt Plaintiff's Councilor Comments on the issue.

25. When Plaintiff pointed out with facts that MacFarlane was breaking the law with George Brown, she told Plaintiff to go onto the next topic.

26. MacFarlane allowed people that don't support her to be heckled .

**June 8, 2020 Town Council Meeting**. Zoom Meeting

1. MacFarlane again refused to add Plaintiff's business items on the Town agenda. Plaintiff had multiple items that the Town residents wanted Plaintiff to bring up.

2. 1min 30 sec, Plaintiff ask who writes the meeting minutes. MacFarlane stated volunteers in the Town, Graham Wells, wasn't sure about other meetings, and herself. Plaintiff pointed out that Plaintiff's seven (7) items that were not on the written minutes for April 27, 2020, but other councilor's comments were listed. MacFarlane also stated in the past that 80% of the meeting minutes must be written.

3. 19min +, Plaintiff pointed out Nebel's incompetence's with not knowing our own laws with hiring and firing Department Heads for the Town. MacFarlane immediately stopped Plaintiff from talking, because Plaintiff brought up former Town employees, but just minutes to seconds prior, she allowed Councilman Nebel to talk about former employees.

4. 20min 30sec Plaintiff made a motion to hire Mrs. Kearns in the water department at the salary of $38,0000. The motion was seconded by Councilman Scott. MacFarlane dismissed Plaintiff's motion, would not address it and allowed another council member to make another motion.

5. 29min + Plaintiff opposed the hiring of an additional SRO to the new school and pointed out MacFarlane's lies to everyone. MacFarlane stopped Plaintiff from

talking when Plaintiff had the floor, refused to allow Plaintiff to continue. Then allowed Herbert Thomas to speak, out of turn.

6. 31min +, Plaintiff attempted to continue to speak, MacFarlane stopped Plaintiff and refused to allow Plaintiff to continue – completely cut Plaintiff off.

7. 48min + Plaintiff pointed out to MacFarlane that she allowed Conroy to comment on the last Public Comment resident but would not allow Plaintiff to. When Plaintiff continually asked MacFarlane, she just ignored him.

8. 1hr, 37min, 35sec, Nebel states, "there are always one to two Dodos in each of the administrations and we sit around for them to get the hell out of Town'. Then says again 'we get them the hell out of Town."

9. 1hr, 40min +, Plaintiff points out that MacFarlane did not put Plaintiff's Town business items on the agenda.

10. 1hr 45min, When Plaintiff gave MacFarlane another example, she immediately stopped Plaintiff from speaking and would not allow Plaintiff to continue.

**August 10, 2020 Town Council Meeting**

1. August 10, 2020 Town council meeting, the Mayor stopped Plaintiff from talking when Plaintiff had the floor. She did not want Plaintiff talking about a certain topic and stated that Plaintiff was not allowed to speak any longer.

2. At this meeting MacFarlane made it clear that she was not going to follow the law for the Recall Election of Plaintiff, including completing the required Proclamation that was 100% mandatory to hold the Special recall election.

17. Do you allege that the TOWN prevented you from petitioning the government for redress of your grievances? If "Yes," please list each and every time you believe you were prevented from petitioning the government for redress of your grievances, and for each incident, please provide: the date the alleged incident occurred; the physical location where the incident occurred; the specific grievance you were prevented from redressing; and the person(s) who prevented you from engaging in the underlying expression.

ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is overly burdensome, and likely impossible, for Plaintiff to provide a complete answer. Given the contentious environment fostered by Town during the relevant time periods, Plaintiff cannot possibly recall "each and every time" he was retaliated against for his prior speech by being further prevented from engaging from free expression, and the details of same as requested in this Interrogatory. Notwithstanding the foregoing objection, to the best of Plaintiff's recollection at this time, Plaintiff alleges Town retaliated against him by further preventing him from free expression and from petitioning his government for redress as described in his Answer to Interrogatory 16. Plaintiff reserves the right to amend or supplement his answers to these Interrogatories in the event Plaintiff discovers or recalls additional information responsive to this

Interrogatory. Additionally, Plaintiff refers Defendant to the audio files and email evidence provided by Plaintiff in his responses to Defendant's Request to Produce.

18. Do you allege that the TOWN retaliated against you in violation of your First Amendment rights? If "Yes," please list each activity which you believe enjoyed protection under the First Amendment and the date you engaged in the same.

ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is overly burdensome, and likely impossible, for Plaintiff to provide a complete answer. Given his position as an elected official, Plaintiff cannot possibly recall "each activity" he engaged in which was protected by the First Amendment, and the details of same as requested in this Interrogatory.

Notwithstanding the foregoing objection, to the best of Plaintiff's recollection at this time, Plaintiff alleges all his statements made to Town officials complaining about code enforcement prior to his election in 2018, as well as all comments made in Town Council meetings and in emails to Town officials after his election were protected by the First Amendment. Plaintiff reserves the right to amend or supplement his answers to these Interrogatories in the event Plaintiff discovers or recalls additional information responsive to this Interrogatory. Additionally, Plaintiff refers Defendant to the audio files and email evidence provided by Plaintiff in his responses to Defendant's Request to Produce.

19. If you allege that the TOWN retaliated against you in violation of your First Amendment rights, please list each act of retaliation you perceived and, for each act, please specify the date the act occurred and the person, or persons, who engaged in each alleged act of retaliation.

ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is overly burdensome, and likely impossible, for Plaintiff to provide a complete answer. Given the contentious environment fostered by Town during the relevant time periods, Plaintiff cannot possibly recall "each and every time" he was retaliated against by being prevented from engaging from free expression and/or petitioning his government, and the details of same as requested in this Interrogatory.

Notwithstanding the foregoing objection, to the best of Plaintiff's recollection at this time, Plaintiff alleges Town retaliated against him by preventing him from speaking and/or from petitioning his government for redress as described in his Answer to Interrogatory 16. Plaintiff also alleges he was retaliated against by an interference from Town Police Chief into the permitting for his fence, resulting in much scorn from Town citizens, up to the point of a petition against his perfectly legal fence being started, and that Town officials retaliated against him by allowing, and supporting, a recall election that was in violation of Town, County, and State rules, procedures, and

laws, and/or allowing those who supported that recall to violate Town rules relating to speaking at public meetings.

Plaintiff reserves the right to amend or supplement his answers to these Interrogatories in the event Plaintiff discovers or recalls additional information responsive to this Interrogatory. Additionally, Plaintiff refers Defendant to the audio files and email evidence provided by Plaintiff in his responses to Defendant's Request to Produce.

## **VERIFICATION**

Under penalty of perjury, I, MATTHEW T. MCGILL, declare that I have read the foregoing document and that the facts stated in it are true.

DATED                 5/5/2022

Matthew T McGill

ID WG4gWB3YVxtVz1HNDVXxa2Ki

MATTHEW T. MCGILL

# eSignature Details

**Signer ID:**      **WG4gWB3YVxtVz1HNDVXxa2Ki**
Signer by:          Matthew McGill
Sent to email:      sgtmm0025@yahoo.com
IP Address:         72.188.5.190
Signed at:          May 5 2022, 8:54 pm EDT